Patricia L. Case, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 3, 1978, before Judges MENCER, DiSALLE and CRAIG, sitting as a panel of three.

*James D. Belliveau,* for petitioner.

*Linda M. Gunn,* Assistant Attorney General, for respondent.

Opinion by Judge DiSalle, January 22, 1979:

Patricia L. Case (Petitioner) appeals from a fair hearing decision of the Department of Public Welfare (Department) denying her reimbursement for day care expenses she incurred when she placed her son in an unlicensed day care facility.

On August 30, 1977, Petitioner, who had been receiving ADC benefits since November, 1975, started classes at Allegheny Community College as part of the Department's training plan for her. On September 6, 1977, her six year old son began attending Kiddie Kollege, a nearby day care center. At that time, Kiddie Kollege was not licensed by the Department, but it has since applied for a license, and on March 17, 1978, received provisional licensure for a period of six months. On September 20, 1977, Petitioner asked the Allegheny County Board of Assistance (CAO) to reimburse her for her son's day care expenses. The CAO refused her request, and, following a fair hearing and an order by the Department affirming the CAO's denial, Petitioner filed this appeal.

The Department's regulations at 55 Pa. Code (Code) §169.43(c)(2)(ii)(D) provide that "[a] day care center or family day care home . . . offering care for which payment is made, shall be licensed or approved by the Department of Public Welfare." The regulations at Section 175.23(c)(3)(ii) of the Code set forth the conditions that must be met before an individual can receive the costs of child care.[1] Petitioner

---

[1] These conditions are:

(A.) The participation of the client in WIN.

(B.) His participation in a non-WIN training program or work experience project that is part of the training plan of the Department for the individual.

(C.) The attendance of a mother or other caretaker in high school, the GED program, or undergraduate college and the following occur:

argues that these conditions are the only restrictions on reimbursement and that the Department may not impose the further requirement that the day care center be licensed.

We disagree. Section 403 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §403, authorizes the Department to "establish rules, regulations and standards, consistent with the law, as to eligibility for assistance and as to its nature and extent." It is clear that, pursuant thereto, the Department may properly condition reimbursement for day care expenses on a center's being licensed by the Department.

Petitioner argues further that once it found that the facility was not licensed, the Department had an affirmative duty to determine Kiddie Kollege's acceptability. We agree, principally because Section 169.43(c)(2)(ii)(D) of the Code expressly so states. After requiring that day care centers be licensed or approved, that section provides that "[i]f the day care center or family day care home which has been selected is not currently licensed or approved, the [Separate Administrative Unit[2]] will request the Department of Public Welfare to determine the acceptability of the facility and the kind of care which can be provided in it."

We reject the Department's contention that its duty to evaluate a day care center arises only after that facility has applied for a license. We hold that where

---

(I) The care cannot be provided by other household members.

(II) No other sound plan can be made for the care.

[2] The Separate Administrative Unit (SAU) is the unit within the Department that is primarily responsible for administering the Work Incentive Program (WIN) as it pertains to recipients of ADC benefits.

an individual who meets the conditions of Section 175.23(c)(3)(ii) places his or her child in a day care center as part of the Department's arrangements for that child, the Department, as its own regulations now require, must act to determine the center's acceptability.

Because it did not act here, we will remand to the Department with instructions that it evaluate Kiddie Kollege and determine its suitability as of September 6, 1977, the date on which Petitioner's son began attending.[3] If it finds that the center was acceptable on that date, Petitioner shall be reimbursed for her child care expenses incurred prior to the licensing of Kiddie Kollege. Otherwise, she shall not be.

Judge Mencer dissents.

### Order

And Now, this 22nd day of January, 1979, the order of the Department of Public Welfare, dated November 25, 1977, denying payment to Patricia L. Case, is hereby reversed, and the case is remanded to the Department for proceedings consistent herewith.

---

[3] As noted, the facility did receive a license on March 17, 1978.